**UNITED STATES of America,
Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, a corpo-
ration, Defendant.**

**No. 69-737-Civ.-J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Feb. 3, 1971.

John L. Briggs, U. S. Atty., and Aaron K. Bowden, Asst. U. S. Atty. M. D. of Fla., Jacksonville, and George F. Lynch, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Herman Ulmer, Haywood M. Ball, Ulmer, Murchison, Ashby & Ball, Jacksonville, Fla., for defendant.

FINAL JUDGMENT

WILLIAM A. McRAE, Jr., District Judge.

This cause was presented on the respective motions for summary judgment filed by the Plaintiff and the Defendant. It was admitted in open court by both parties that no question of fact is involved, and that the case should be decided as a matter of law.

From the facts admitted it appears that the Plaintiff, acting through the Commissioner of Internal Revenue, served a notice of levy of an income tax lien upon the Defendant insurance company, pursuant to Section 6332(b) of the Internal Revenue Code, to recover the cash loan value of a life insurance policy on the life of the delinquent taxpayer. The precise question presented is whether Section 6332(b) requires the amount of the cash loan value to be computed as of the date of the service of the notice of levy, as contended by the Plaintiff, or on a date 90 days thereafter, as contended by the Defendant.

Section 6332(b) was added to the Internal Revenue Code by Section 104 of the Federal Tax Lien Act of 1966. Par-

agraph (1) thereof provides that the service of such notice of levy shall "constitute a demand by the Secretary or his delegate for payment of the amount described in paragraph (2)" and that such amount shall be paid over "90 days after service of notice of levy." Paragraph (2) describes the amount to be paid as the amount which the person against whom the tax is assessed "could have had advanced to him * * * on the date prescribed in paragraph (1) for the satisfaction of such levy." As stated previously, the date so prescribed in paragraph (1) is the 90th day after service of notice of levy. It is further provided in paragraph (2) that this amount is to be increased by the amount of any advance made to such person on or after the date the insurance company had actual notice or knowledge of the existence of the lien with respect to which the levy is made "other than an advance * * * made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge."

The policy in question was issued as a modified whole life policy in the face amount of $10,000.00 on July 20, 1955. The tax lien arose out of unpaid income taxes for the years 1963 through 1966. The notice of levy was served on the Defendant November 27, 1968, at which time the policy was not in default and had a cash loan value of $1827.88. On December 20, 1968, a premium payment required by the policy became due, and was not paid. On January 20, 1969, the 31-day grace period allowed by the policy came to an end, the past due premium still remained unpaid, and the policy went into default. The policy contains an automatic non-forfeiture clause which provides that upon the occurrence of such default, the policy is automatically extended as paid up term insurance in the face amount of the policy for a period of time computed in accordance with the provisions of the policy, and that the cash loan value is thereby reduced to zero. As a result of the default in the present case, the policy, according to its provisions, was automatically extended as paid up term insurance for its face amount of $10,000.00, until July 31, 2002. The policy contains no automatic non-forfeiture clauses other than the one for such extended insurance, and specifically provides that the policy shall have no cash loan value when it continues in force as extended insurance.

The Court having heard and considered argument of counsel, is of the opinion that the language of Section 6332(b) clearly provides that the amount of the cash loan value of a life insurance contract required to be paid over to the Treasury by the insurance company must be computed as of the date 90 days after the date of the service of notice of levy; that in the present case the automatic continuation of the policy as paid up term insurance constituted an advance made automatically to maintain in force the contract which was entered into before the Defendant had notice or knowledge of the tax lien with respect to which the levy was made; that on the 90th day, by reason of the automatic extension of insurance clause which came into operation during the 90 day period and prior to the expiration thereof, the policy in question had no cash loan value on the 90th day, and that, therefore, there was no amount payable to the Plaintiff by the Defendant pursuant to the service upon Defendant of the notice of levy pursuant to Section 6332(b) of the Internal Revenue Code.

It is therefore ordered and adjudged that the Plaintiff's motion for summary judgment be denied; that the Defendant's motion for summary judgment be granted, and that this action be and the same hereby is dismissed.